| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-C, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>v.<br><br>LEMMIE GARNER, SUSAN CARLILE, and WOODLAND VILLAGE HOMEOWNERS ASSOCIATION,<br><br>Defendants. | Case No. 3:17-cv-00072-LRH-WGC<br><br>ORDER |
| LEMMIE GARNER and SUSAN CARLILE,<br><br>Counterclaimants,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-C, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>Counter-defendant. | |

This matter centers on a nonjudicial foreclosure of a Nevada property by a homeowners' association. The foreclosure sale was conducted under Nevada Revised Statute ("N.R.S.")

/ / /

§ 116.3116 *et seq.* in 2014.¹ After the foreclosure sale, the Ninth Circuit struck down the notice scheme of N.R.S. § 116.3116 *et seq.* as facially unconstitutional. *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). As a result, plaintiff Deutsche Bank National Trust company brought this action against the homeowners' association that foreclosed on the property, defendant Woodland Village Homeowner's Association, as well as the purchasers at the foreclosure sale, defendants Lemmie Garner and Susan Carlile.

The matter now brings five motions before the court: (1) Deutsche Bank's motion to dismiss Garner and Carlile's counterclaim for fraud, ECF No. 11; (2) Woodland Village's motion to dismiss the complaint, ECF No. 13; (3) Deutsche Bank's motion for summary judgment based on the allegedly statutorily defective foreclosure sale, ECF No. 22; (4) Woodland Village's motion for summary judgment, ECF Nos. 23, 26 (Errata to ECF No. 23); and (5) Deutsche Bank's motion for summary judgment based on the unconstitutionality of N.R.S. § 116.3116 *et seq.*, ECF No. 24.

The court first grants Deutsche Bank's motion to dismiss Garner and Carlile's counterclaim for fraud, finding the allegations fail to allege fraud with the required degree of particularity. The court then denies Woodland Village's motion to dismiss, finding the complaint survives the standards of both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Finally, under the guidance of binding authority from the Ninth Circuit, the court grants Deutsche Bank's summary judgment motion regarding the unconstitutionality of N.R.S. § 116.3116 *et seq.*, denies Woodland Village's competing summary judgment motion, and denies Deutsche Bank's remaining summary judgment motion as moot.

**I.     BACKGROUND**

In 2004, John Davis and Kim Davis purchased property located at 18101 Alexandria Drive, Reno, NV 89506.² ECF No. 25, Ex. 1; ECF No. 23 at 2; ECF No. 22 at 3. The two

---

¹ The court analyzes the Nevada Revised Statutes referenced herein based on the versions employed at the time of the foreclosure sale rather than the version following the 2013 and 2015 amendments.

² The court takes judicial notice of the publicly-recorded documents attached to the complaint and cited in the parties' motions. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004)

2

executed a deed of trust in relation to the property in 2005. ECF No. 25, Ex. 2. The deed of trust identified Home123 Corporation as the beneficiary and Western Title as the trustee. *Id.* It was recorded in Washoe County, Nevada. *Id.* By way of assignment, Deutsche Bank came to hold the beneficial interests under the deed of trust as a trustee. *Id.*, Ex. 3.

The property sits in a community governed by a homeowners' association, Woodland Village. Woodland Village began the foreclosure process on the property by filing a notice of delinquent assessment lien in 2011. *Id.*, Ex. 4. Woodland Village then recorded a notice of default and election to sell in 2013, which was followed shortly thereafter by a notice of trustee's sale. *Id.*, Exs. 5–6. Garner and Carlile purchased the property at the foreclosure sale in 2014. *Id.*, Ex. 7.

After the foreclosure sale, Deutsche Bank brought this action against Garner, Carlile, and Woodland Village, asserting five claims for relief: (1) quiet title and declaratory relief under 28 U.S.C. § 2201, N.R.S. § 30.010 *et seq.*, and N.R.S. § 40.010; (2) declaratory relief under the Fifth and Fourteenth Amendments to the U.S. Constitution; (3) quiet title under the Fifth and Fourteenth Amendments to the U.S. Constitution; (4) permanent and preliminary injunction; and (5) unjust enrichment. ECF No. 1. Deutsche Bank asserts the third, fourth, and fifth claim against Garner and Carlile only. *Id.* Garner and Carlile answered the complaint and asserted three counter claims: (1) quiet title; (2) unjust enrichment; and (3) fraud. ECF No. 9.

Two motions to dismiss have been filed. First, Deutsche Bank moves to dismiss the counterclaim for fraud. ECF No. 11. No opposition was filed. Second, Woodland Village moves to dismiss the complaint. ECF No. 13. Deutsche Bank opposed the motion, and Woodland Village filed a reply. ECF Nos. 15, 16.

In addition to the two motions to dismiss, the parties filed competing motions for summary judgment. Deutsche Bank moves for summary judgment on two bases. First, it moves for summary judgment regarding the allegedly statutorily defective foreclosure sale and requests the court to take judicial notice of eleven exhibits for the motion. ECF Nos. 22, 25. Two

---

(citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (stating matters of public record may be judicially noticed unless the matter is a fact in reasonable dispute).

3

oppositions were filed, one by the Garner and Carlile and one by Woodland Village. ECF Nos. 29, 32. Deutsche Bank replied. ECF Nos. 35, 39. Second, Deutsche Bank moves for summary judgment based on the alleged unconstitutionality of N.R.S. § 116.3116 *et seq*. ECF No. 24. Two oppositions were filed again, one by Garner and Carlile and one by Woodland Village. ECF Nos. 29, 33. Deutsche Bank replied to both oppositions. ECF Nos. 35, 39. Woodland Village also moves for summary judgment. ECF No. 23; *see* also ECF No. 26 (Errata to ECF No. 23). An opposition and a reply was filed. ECF Nos. 34, 38.

Finally, Deutsche Bank filed a notice of completion of mediation pursuant to N.R.S. § 38.310. ECF No. 21.

## II. LEGAL STANDARD

This order looks to four legal standards:

### A. Federal Rule of Civil Procedure 12(b)(6)

A party may seek the dismissal of a complaint under Rule 12(b)(6) for failure to state a legally cognizable cause of action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it

asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### B. Federal Rule of Civil Procedure 9(b)

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under the heightened pleading standard, a plaintiff must "plead the 'who, what, when, where, and how' of the alleged misconduct" when claiming fraud. *Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696, 698 (9th Cir. 2013) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 10197, 1106 (9th Cir. 2003)).

### C. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) permits a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In examining a facial attack of subject matter jurisdiction, the court accepts the allegations in the complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### D. Federal Rule of Civil Procedure 56(c)

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary

judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

**III. DISCUSSION**

The court first addresses the two pending motions to dismiss. The court then turns to Deutsche Bank's summary judgment motion regarding the constitutionality of N.R.S. § 116.3116 *et seq.* and Woodland Village's competing summary judgment motion. Under the guidance of *Bourne Valley*, the court grants summary judgment in favor of Deutsche Bank on the constitutionality issue of N.R.S. § 116.3116 *et seq.* and denies summary judgment in favor of

Woodland Village. As a result, the court denies Deutsche Bank's remaining summary judgment motion as moot.

### A. The court grants Deutsche Bank's motion to dismiss the counterclaim for fraud.

The court first considers Deutsche Bank's motion to dismiss Garner and Carlile's counterclaim for fraud. Garner and Carlile allege Deutsche Bank committed fraud by bringing this action because the complaint rests on fraudulent allegations. To state a claim for fraud under Nevada law, the complaint must allege:

> (1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation.

*Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

The court dismisses Garner and Carlile's counterclaim for fraud because it is fashioned with conclusory allegations that contradict documents of public record attached to the complaint. In the counterclaim, Garner and Carlile allege that "[u]pon information and belief [Deutsche Bank] cannot properly claim a chain of title to the deed of trust that would in any way provide [it] with authority to act as or on behalf of the beneficiary of the deed of trust." Not only do Garner and Carlile fail to assert their allegations with the degree of particularity required under Rule 9(b), their allegations contradict the deed of trust and the subsequent assignment attached to the complaint. The subsequent assignment identifies Deutsche Bank as the holder of the beneficial interest under the deed of trust. The court therefore grants Deutsche Bank's motion to dismiss and dismisses the counterclaim for fraud.

### B. The court denies Woodland Village's motion to dismiss the complaint.

The court now turns to Woodland Village's motion to dismiss. In its motion, Woodland Village argues the quiet-title claim fails on two bases. First, it argues the foreclosure occurred as a result of delinquent assessments that were never satisfied, making the foreclosure proper. ECF No. 13 at 3–4. But Deutsche Bank does not challenge the existence of delinquent assessments; it challenges the process that allegedly stripped Deutsche Bank of its interest in the at-issue property. The delinquent assessments therefore do not affect Deutsche Bank's quiet-title claim.

Second, Woodland Village argues Deutsche Bank cannot prove good title in itself because it held a lien interest in the property rather than a title interest. ECF No. 13 at 4–5. However, in Nevada, courts possess "the inherent equitable power to consider quiet title actions[.]" *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016) (internal citations omitted). "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. A lien is "[a] legal right or interest that a creditor has in another's property[.]" LIEN, Black's Law Dictionary (10th ed. 2014). Accordingly, Deutsche Bank held an interest in the property: the beneficiary interest under the deed of trust, which secured the mortgage lien on the property. As a result, Deutsche Bank can assert a quiet-title claim under N.R.S. § 40.010 against any other person claiming an interest adverse to its interest. The court rejects Woodland Village's argument accordingly.[3]

Woodland Village next argues for the dismissal of the declaratory-relief claim on two bases. It first contends that it is not a proper party to the action because it no longer claims any interest in the property. ECF No. 13 at 5–6. The court disagrees. Deutsche Bank prays for a declaration that the foreclosure sale did not extinguish its interest in the at-issue property or, alternatively, a declaration setting aside the foreclosure sale as void. ECF No. 1. The alternative declaration would affect Woodland Village's interests in the at-issue property.

Woodland Village's second premise for dismissing the declaratory-relief claim relies on two state-court decisions: *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014)[4] and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017)[5]. ECF No. 6–8. Through the state-court opinions,

---

[3] The court also rejects Woodland Village's argument that Deutsche Bank failed to oppose dismissal of the quiet-title claim. *See* ECF No. 16 at 7 (arguing for dismissal based on abandonment of the quiet-title claim); *see also* ECF No. 15 at 9–12 (opposing dismissal of the quiet-title claim and the declaratory-relief claim).

[4] In *SFR Investments Pool 1*, the Nevada Supreme Court held N.R.S. § 116.3116(2) gives an HOA a super-priority lien, allowing an HOA to conduct a proper foreclosure that extinguishes a first deed of trust.

[5] In *Saticoy Bay*, the Nevada Supreme Court determined N.R.S. § 116.3116 *et seq.* does not implicate due process concerns because nonjudicial foreclosure sales do not involve state action. 388 P.3d at 974. The Nevada Supreme Court acknowledged the *Bourne Valley* decision but "decline[d] to follow [the Ninth Circuit's] holding" after finding N.R.S. § 116.3116 *et seq.* does not entail state action. *Id.* at n. 5.

8

Woodland argues the foreclosure sale did not violate Deutsche Bank's rights to due process. *Id.* But this argument overlooks precedent that binds this court in its decision: *Bourne Valley*, 832 F.3d 1154. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating a decision on an issue regarding the federal constitution by a state's highest court does not bind federal courts).

In *Bourne Valley*, the Ninth Circuit held the opt-in-notice scheme of N.R.S. § 116.3116 *et seq.* facially violated the plaintiffs' due process rights under the Fourteenth Amendment of the U.S. Constitution. *Id*. The Ninth Circuit declared the opt-in-notice provisions facially unconstitutional because the provisions permitted a homeowners' association to foreclose on a property without giving notice to a mortgage lender—"[e]ven though such foreclosure forever extinguished the mortgage lenders' property rights[.]" *Id.* at 1158. Here, the foreclosure sale was conducted under N.R.S. § 116.3116 *et seq.* prior to the Ninth Circuit finding the notice scheme facially unconstitutional for violating due process rights. The court therefore rejects Woodland Village's argument under the guidance of *Bourne Valley*.

Woodland Village finally argues that the court lacks subject matter jurisdiction over this matter because Deutsche Bank failed to submit its claims to mediation or arbitration as required by N.R.S. § 38.130. ECF No. 13 at 9. However, Woodland Village withdraws this argument in its motion for summary judgment based on the subsequent filing of a notice of completion of mediation. ECF No. 23 at 2. The court agrees that subject matter jurisdiction is not at issue and denies Woodland Village's motion to dismiss accordingly.

**C. The court grants Deutsche Bank's motion for summary judgment regarding the constitutionality of N.R.S. § 116.3116 *et seq.* and denies Woodland Village's competing motion for summary judgment.**

The court now turns to Deutsche Bank's motion for summary judgment regarding the constitutionality of N.R.S. § 116.3116 *et seq.* and Woodland Village's competing motion for summary judgment. In the summary judgment motions and the related papers, the parties dispute the effect of *Bourne Valley*. The parties also disagree on the effect of state-court decisions subsequent to *Bourne Valley*. Finally, the parties disagree on whether actual notice impacts Deutsche Bank's constitutional claims. The court considers the parties' arguments below.

/ / /

In *Bourne Valley*, the Ninth Circuit held the opt-in-notice scheme of N.R.S. § 116.3116 *et seq.* facially violated the plaintiffs' due process rights under the Fourteenth Amendment to the U.S. Constitution. 832 F.3d 1156 (holding the provisions permitted a homeowners' association to foreclose on a property without giving notice to a mortgage lender "[e]ven though such foreclosure forever extinguished the mortgage lenders' property rights[.]"). Less than a year later, the Nevada Supreme Court issued a contrary ruling in *Saticoy Bay*. 388 P.3d 970. In *Saticoy Bay*, the Court held N.R.S. § 116.3116 *et seq.* did not implicate due process concerns because no state action existed. *Id.* The court then explicitly declined to follow the Ninth Circuit's *Bourne Valley* decision. *Id.* at 974 n. 5.

The Nevada Supreme Court continues to follow its *Saticoy Bay* decision. *See, e.g., G & P Inv. Enterprises, LLC v. Mortg. Elec. Registration Sys., Inc.*, 391 P.3d 101 (Nev. 2017). In a recent decision, the Court cited *Saticoy Bay* to hold that N.R.S. § 116.3116 *et seq.* did not violate the due process clauses of the U.S. and Nevada Constitutions. *Id.* In the same opinion, the Court footnoted a statement that its *SFR Investments* decision "indicated" that N.R.S. § 116.31168 incorporated N.R.S § 107.090. *Id.* at n. 1. The Court, however, did not hold that N.R.S. § 116.31168 incorporated N.R.S. § 107.090. *See id.* It instead held that the Due Process Clause of the U.S. Constitution was not violated "because there is no state action" in relation to N.R.S. § 116.3116 *et seq. Id.* The decision—along with the *Saticoy Bay* decision—conflicts with the Ninth Circuit's *Bourne Valley* decision.

The Ninth Circuit's decision in *Bourne Valley* binds this court in its decision because the Ninth Circuit decided a federal issue in *Bourne Valley. See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating a decision on an issue regarding the federal constitution by a state's highest court does not bind federal courts). The Ninth Circuit decided an issue regarding the federal constitution by determining that due process rights under the federal constitution were facially violated by the opt-in notice provisions of N.R.S. § 116.3116 *et seq. Id.* at 1160. *Bourne Valley* therefore binds this court in its decision.

Further, *Bourne Valley* continues to bind this court in its decision despite the subsequent state-court decisions. The Nevada Supreme Court's subsequent decisions hold that N.R.S.

§ 116.3116 *et seq.* does not implicate due process because "there is not state action[;]" the decisions do not hold that N.R.S. § 116.31168 incorporates N.R.S. § 107.090. The state-court decisions therefore do not affect the binding nature of *Bourne Valley*.

Finally, under *Bourne Valley*, actual notice cannot cure the facial unconstitutionality of the opt-in-notice provisions. "The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions [of N.R.S. § 116.3116 *et seq.*]" *Cohen v. Bank of Am., N.A.*, No. 215-cv-01393-GMN-CWH, 2017 WL 4185464, at *3 (D. Nev. Sept. 21, 2017). Because the opt-in-notice provisions were struck down as facially unconstitutional in *Bourne Valley*, whether Deutsche Bank received actual notice does not affect this decision. The court therefore rejects Garner, Carlile, and Woodland Village's arguments regarding notice.

Based on the foregoing, the court grants summary judgment in favor of Deutsche Bank on the quiet-title claim. In Nevada, courts possess "the inherent equitable power to consider quiet title actions[.]" *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016) (internal citations omitted). "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Under *Bourne Valley*, the opt-in-notice provisions of N.R.S. § 116.3116 *et seq.* are facially unconstitutional. The foreclosure sale here occurred under the same provisions. Accordingly, because the foreclosure sale occurred under facially unconstitutional provisions, the foreclosure sale did not extinguish the first deed of trust that encumbered the property at the time of the sale. The court therefore grants summary judgment in favor of Deutsche Bank on claim three and holds that the deed of trust continues to encumber the property. But the court does not disturb the validity of the foreclosure sale itself.

As a result of granting Deutsche Bank's summary judgment motion regarding the constitutionality of N.R.S. § 116.3116 *et seq.*, the court denies Woodland Village's competing motion for summary judgment. The court does so without addressing some of the arguments presented by the parties, because the arguments do not impact the court's decision or,

alternatively, do not warrant discussion.[6] The court also denies Deutsche Bank's motion for summary judgment regarding the allegedly defective foreclosure sale.

Based on the above, the court dismisses the first, second, fourth, and fifth claim as moot. The court also dismisses the first counterclaim as moot. This leaves the second counterclaim for unjust enrichment as the sole remaining claim in this matter. The court gives the parties leave to file dispositive motions regarding the unjust-enrichment claim within thirty days of the entry of this order.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Deutsche Bank National Trust Company's motion to dismiss Lemmie Garner and Susan Carlile's counterclaim for fraud (ECF No. 11) is **GRANTED**. The third counterclaim is dismissed.

IT IS FURTHER ORDERED that Woodland Village Homeowners Association's motion to dismiss Deutsche Bank National Trust Company's complaint (ECF No. 13) is **DENIED**.

IT IS FURTHER ORDERED that Deutsche Bank's motion for summary judgment (ECF No. 22) is **DENIED as moot**.

IT IS FURTHER ORDERED that Woodland Village's motion for summary judgment (ECF No. 23) is **DENIED**.

IT IS FURTHER ORDERED that Deutsche Bank National Trust Company's motion for summary judgment (ECF No. 24) is **GRANTED**. The court grants summary judgment in favor of Deutsche Bank on claim three. It therefore dismisses claim one, claim two, claim four, and claim five as moot. It also dismisses the first counterclaim as moot. The parties shall have leave

/ / /

/ / /

/ / /

---

[6] Woodland Villages argues summary judgment based on: its compliance with the at-issue statute; the commercially-reasonable nature of foreclosure sale; arguments initially presented in its motion to dismiss (and dismissed herein); and, the failure to join the prior owners of the property. ECF No. 23.

to file dispositive motions regarding the unjust-enrichment claim, if any, within thirty days of the entry of this order.

IT IS SO ORDERED.

DATED this 27th day of December, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE